**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-mj-6629-DSW**

**UNITED STATES OF AMERICA,**

v.

**TERRENCE DUDLEY,**

Defendant.
_______________________________________/

**PRE-TRIAL DETENTION ORDER**

Pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.*, the Court held a hearing on November 6, 2026, to determine whether to detain Defendant Terrence Dudley ("Mr. Dudley" or "Defendant"). The United States of America (the "Government") moved for pretrial detention on the grounds that Mr. Dudley poses a serious risk of flight or nonappearance.

Having considered the record evidence, the Pretrial Services Report, and the factors enumerated in 18 U.S.C. § 3142(g), the Court finds that no condition or combination of conditions of release will reasonably assure Defendant's appearance. As such, the Court **GRANTS** the Government's Motion for Pretrial Detention and **ORDERS** that Defendant Terrence Dudley be detained before and until the conclusion of trial.

Pursuant to 18 U.S.C. § 3142(i), the Court makes the following factual findings and statement of the reasons for detention:

## I. BACKGROUND

Defendant was charged by way of Indictment in the Northern District of Texas with conspiracy to commit wire fraud and bank fraud under 18 U.S.C. § 1349 and five counts of bank fraud under 18 U.S.C. § 1344(2). [ECF No. 1 ("Indictment")]. According to the Indictment, from

at least July 2023 through November 2024, Defendant and several co-defendants engaged in a nationwide bank account takeover conspiracy. Defendant's role in the conspiracy was to act as the counterfeit document vendor.

In addition to the Indictment, the Court has considered the lengthy factual proffer read into the record by the Government, the Pretrial Services Report, and the testimony of Agent Rodney Sankar of the State Department, who was called by the Government and cross-examined by the defense on this proffered testimony. The Court has also considered Government's Composite Exhibit 1 and the testimony of Defendant's sister.

The evidence shows that Defendant used two aliases during the alleged conspiracy and created counterfeit documents. When a search warrant was executed at the office space where Defendant was allegedly living, law enforcement found counterfeit documents, printing supplies, printers for counterfeit IDs, credit cards in various names, counterfeit Social Security cards, and real IDs from other individuals. Additionally, the Government has recovered Telegram posts that talk about the scope of Defendant's printing operation and how much he charged. At the time of his arrest, Defendant gave a post-*Miranda* statement in which he admitted to his involvement in the conspiracy.

## II. <u>LEGAL STANDARD</u>

The Bail Reform Act provides that a defendant "shall be released unless" a detention hearing is authorized, and the government proves "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(b), (c), (e), (f). Release pending trial is the norm and "detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). "Pretrial detention is to be the exception rather than the rule… and is

hedged around with procedural requirements designed to limit its use to those instances when it is clearly necessary." *United States v. Holloway*, 781 F.2d 124, 125-126 (8th Cir. 1986).

**A. The Government's Burden of Persuasion**

A finding that no condition or combination of conditions will reasonably assure a defendant's attendance must be supported by a preponderance of the evidence. *See United States v. King*, 849 F.2d 485, 489 (11th Cir. 1988).

**B. The Applicable § 3142(g) Factors**

To determine whether the Government has met its burden to prove that no conditions or combination of conditions of release will reasonably assure the Defendant's appearance as required and the safety of the community, this Court must consider available information concerning four factors:

1. the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

2. the weight of the evidence against the person;

3. the history and characteristics of the person, including—
    a. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    b. whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

4. the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g)(1)-(4).

## III. ANALYSIS

The Court must first determine whether the Government has established by a preponderance of the evidence that Defendant presents a serious risk of flight or nonappearance if released pretrial and that there are no conditions or combination of conditions which will reasonably assure the appearance of Defendant as required.

Mr. Dudley is charged with a serious offense. A grand jury has found probable cause to charge Defendant and his co-defendants with defrauding approximately 75 victims out of approximately $373 million. He is facing up to 30 years in prison. Based on the testimony of Agent Sankar, which supplements the Indictment, the Court finds that the weight of the evidence against Mr. Dudley is strong and, like the nature of the offense, weighs in favor of detention.

As to the other factors that this Court must consider, according to the Pretrial Services Report, Defendant has a lengthy criminal history. He has been convicted of grand theft auto, possession of burglary tools, theft, grand theft, passing forged documents, possession of marijuana, credit card forgery, fraudulent use of a credit card, criminal use of personal identifying information, financial identity fraud, and financial transaction card fraud. Prior to his arrest in this case, Defendant was released on bond for a state court battery/cause bodily harm charge, which remains pending.

Next, while Defendant is a lifelong resident of South Florida and owns a tattoo shop locally, the Court cannot determine the quality of his ties to the South Florida community or whether he has a stable residence. Further, the Court did not receive any further evidence that would provide insight into Defendant's character.

Here, in light of the strong weight of the evidence and serious charges, Defendant's post-*Miranda* admission, Defendant's substantial criminal history, the fact that Defendant is currently

on bond for a state criminal offense, his past participation in fraud and charges involving ID theft, his ability to create aliases and fraudulent IDs, and his likely access to a substantial amount of cash with which he could flee, the Government has established by a preponderance of the evidence that Defendant presents a serious risk of flight or nonappearance if released and that there are no conditions or combination of conditions which will reasonably assure the appearance of Defendant as required.

## IV. CONCLUSION

For the reasons stated more fully on the record at the Detention Hearing and summarized above, the Court finds that the Government has met its burden to prove that pretrial detention of Mr. Dudley is appropriate and required. Nothing in this Order shall be construed as limiting Mr. Dudley's presumption of innocence.

Accordingly, the Court hereby **DIRECTS**:

1. That Defendant be committed to the custody of the United States Marshal Service for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;
2. That Defendant be afforded a reasonable opportunity for private consultation with counsel; and
3. That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE and ORDERED** in Chambers in Fort Lauderdale, Florida, on this 6th day of November 2026.

**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record
Pretrial Services (Ft. Lauderdale)